KENNETH DAVIS, Plaintiff-Appellee, *v.* UNITED FIRE & CASUALTY CO., Defendant-Appellant.

Third District   No. 79-133

Opinion filed February 7, 1980.

Craig E. Collins, of Barash & Stoerzbach, of Galesburg, for appellant.

John J. Blake, of Nelson, Gustafson & Blake, of Galesburg, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant, United Fire & Casualty Company (hereinafter United), appeals from the judgment of the Circuit Court of Knox County in favor of plaintiff, Kenneth Davis, in this action by Davis to recover on a contract of liability insurance. The insured Davis was involved in a vehicular accident while operating his garage business. United had issued him a liability policy covering the garage business. When notified of the accident by Davis, United responded by stating that the accident was not covered under their policy and by setting forth a reason for their decision not to provide coverage. Subsequently, Davis was sued in a small claims action by a third party who had sustained damages in the accident. Judgment in the amount of $967, plus $36 costs, was entered against Davis in that action.

Davis then brought the instant action, based on the contract of insurance, seeking to require United to pay the judgment, or to indemnify him for such payment. In the bench trial, the circuit court entered judgment for the plaintiff Kenneth Davis, finding that United had refused to defend and that its refusal breached its obligations under the insurance policy. The circuit court entered judgment for the $967 and $36 costs involved in the small claims action, and also granted attorney's fees in the amount of $322.33, plus costs, in the instant action. The defendant appeals from the judgment, arguing that the court erred in granting recovery on a theory not set forth in the pleadings and not factually supported in the evidence. United seeks a reversal of the judgment and a remand for further hearing so that it may present evidence on the issue of its refusal to defend.

Also presented with this appeal is the motion of the plaintiff to amend his complaint in this court in order to conform the pleadings to the proof. (Ill. Rev. Stat. 1977, ch. 110A, par. 362.) Defendant United objects to any such amendment, alleging prejudice from any allowance of the amendment and a lack of factual support for the amendment.

The record reveals that on January 21, 1976, United issued to Kenneth Davis a garage liability insurance policy, providing coverage for bodily injury and property damage as to the insured's garage operation. In addition to specific provisions with regard to coverage, the policy also included standard provisions with respect to the insurer's duty to defend against suits or claims against the insured. Also included in the policy were standard provisions imposing upon the insured the duty to notify the insurer of any occurrence within a reasonable time and to forward any documents received by the insured concerning a claim or suit against him.

On August 10, 1976, Davis was towing another vehicle on the streets

of Galesburg, Illinois. While towing the vehicle, he was involved in an accident with a third person, Alvin Hankins. In early September 1976, Davis reported to his local insurance agent that he had been involved in an accident with Hankins and a written accident notice was prepared for the company. On October 5, 1976, United responded by letter to the claim by Davis. United's letter stated that the towing coverage provided to him in his insurance contract with them applied only to nonowned and nonhired towed vehicles. It then informed Davis that it had information that the vehicle he had been towing was owned by him at the time it struck the Hankins automobile. The letter concluded by informing Davis that there was no coverage for the accident. As previously noted, subsequent to United's denial of coverage under the policy, third-party Hankins filed a small-claims complaint against Davis for damages received in the August 10, 1976 accident. On January 14, 1977, a default judgment, in the amount of $967 plus $36 costs, was entered against Davis in that matter.

In October 1977, Davis made a demand upon the insurer to satisfy the small-claims judgment entered against him. When the company refused to do so, Davis filed the instant action, alleging coverage under the policy and seeking recovery for the judgment and costs in the small-claims suit. In its answer, United denied that the accident was covered under the terms and conditions of the policy, and it also alleged that it had not received adequate notice of the suit that was filed by Hankins against Davis. A bench trial was held, and the evidence indicated that the insured Davis had given United notice of the accident and that United had informed him, by letter, that no coverage would be afforded him under the policy. At trial, the insurer conceded that sufficient notice had been given it by Davis. The other evidence and much of the argument in the trial was addressed to the issue of whether the policy did provide the coverage alleged by Davis and denied by United. After taking the cause under advisement subsequent to trial, the circuit judge held a conference with counsel for the parties in which he raised the question as to the insured's duty to defend and a possible breach thereof by United. Thereafter, the court entered its order in favor of plaintiff Kenneth Davis. The order of the court made specific findings that the insurer had refused to defend a claim against the insured and that such failure breached its duties under the terms of the policy. Having found a breach of the insurer's duty to defend, there was no need to rule on the question of coverage, and no alternate ruling was made. From the judgment the defendant insurer appeals.

United argues that the theory relied upon by the trial court, breach of the insurer's duty to defend, was not set forth in the pleadings and was not argued before the court. United also alleges error in the court's failure to

allow it to present further evidence on the issue of any breach of the duty to defend. Finally, the insurer argues that the judgment was in error because the complaint did not contain a general prayer for relief and no amendment was made after judgment. As stated previously, plaintiff Davis has filed a motion to amend the complaint, in this court, which motion has been taken under advisement with the appeal.

The central issue is whether the court was justified, on the pleadings and the record, in entering judgment on the theory of the defendant's breach of its duty to defend. United notes that the breach of the duty to defend was not specifically set forth in the pleadings and that the only theory set forth was one based upon coverage under the terms of the policy. While this must be accepted, it is to be noted that pleadings are to be liberally construed so that controversies may be determined on their merits to do substantial justice, rather than on technicalities. (Ill. Rev. Stat. 1977, ch. 110, par. 33(3).) However, a pleading must contain such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet. (Ill. Rev. Stat. 1977, ch. 110, par. 42(2).) Here, United was aware from the complaint filed that Davis' claim was that it had breached its obligations under the insurance contract with respect to the accident with Hankins.

As to the progress of the trial, it must be admitted that the parties did not argue the duty-to-defend theory, and their argument centered upon whether coverage was provided under the contract of insurance. It was only after the trial, and apparently upon the court's urging, that the duty to defend issue was brought forward. The court found it dispositive and entered judgment thereon, without allowing further evidence to be presented.

While we can agree with United that the duty to defend issue was not specifically raised in the complaint, nor directly addressed at trial, we cannot agree with their argument that no evidence concerning a breach of the duty to defend was offered at the trial. The critical evidence, upon which the judgment of the Circuit Court rests, is that concerning the insured's notification to United of the accident and claim and the company's response, wherein it denied that the policy covered the accident. Under the policy, the insured was obligated (a) to provide written notice of an occurrence within a reasonable time so as to allow the insurer to investigate, and (b) to forward documents received by the insured in the event a claim or suit was brought against him. United concedes that Davis met his obligation to notify it of the occurrence, but it argues that the pleadings do not allege, nor does the evidence disclose, that Davis at any time forwarded any documents to the insurer of the small-claims action by Hankins. United argues that the failure of the insured to forward those documents precludes any recovery for breach of

their duty to defend. Defendant argues that, at the least, it ought to be able to present evidence on that issue.

■■ Even conceding, *arguendo*, that the evidence would show that Davis did not forward the summons and complaint in the small-claims action to United, and that United did not have knowledge of the suit until after judgment, the evidence would still support a finding that United breached its duty to defend. The evidence establishes that Davis informed United, as was his duty under the contract, that an accident had occurred, involving Hankins, in which Hankins' vehicle had suffered substantial damage. The company thereafter conducted an investigation into the accident, determined that the vehicle being towed was owned by Davis and that therefore the accident was outside the scope of the coverage provided in their policy. The insurer informed Davis (and it concedes this) that it would provide no coverage for the accident. Given this action by the company, clearly indicating that it would provide no coverage, Davis may well have considered any further communication with the company futile. He had informed his insurer of the accident, and the damages to Hankin's auto, and the company had informed him his policy didn't cover it. Under the circumstances, Davis' failure to forward any documents concerning a subsequent suit would be understandable. Any such failure that may have occurred must be viewed as a consequence of the insurer's own conduct in flatly denying coverage after notice of the accident. Given the company's conduct, an insured is justified in concluding that further communication and notice would be useless and the company will not be allowed to assert, as a defense, any failure by the insured to give such further notice. These circumstances fit within application of the general rule of equitable estoppel which operates where an insured is misled to his detriment by an insurer's conduct. *Tibbs v. Great Central Insurance Co.* (1978), 57 Ill. App. 3d 866, 868, 373 N.E.2d 492; see 44 Am. Jur. 2d *Insurance* §1574 (1969).

■■ Where, as here, an insured gives notice of an accident and receives from his insurer a flat denial of coverage, an insured will not be penalized for his failure to pursue the matter further with his insurer. Under the circumstances it is reasonable for an insured to conclude that the company will afford him no further help in the matter. It would be unfair to charge him with knowledge that the company may be required to defend in some cases where they might not be required to provide liability coverage. The detriment resulting from the company's conduct in sending the letter denying coverage, is that Davis, in this case, did not receive the company's assistance in defending the small-claims action. That assistance was a duty of the insurer, established in the contract of insurance. Further detriment would occur if the company was now able to avoid the consequences of its breach of the duty to defend by claiming

a failure of notice on the part of the insured. Having misled the insured by its denial of coverage after receiving prompt notice of the accident, the company is now equitably estopped from asserting the insured's breach of the contract provision requiring him to forward documents in the event of suit. Thus, the evidence establishing notice by the insured Davis and refusal to provide coverage by the company is a sufficient factual basis, under a theory of equitable estoppel, for the court to have concluded, as it did, that the company had breached its duty to defend. We find the action of the circuit court, in entering judgment for the plaintiff, to be supported in the evidence. We find no need, given the admitted facts as to notice and denial of coverage, to remand for further evidence.

█■ ■ Our final inquiry concerns the motion to amend the complaint which has been filed with this court. Rule 362 (Ill. Rev. Stat. 1977, ch. 110A, par. 362) provides that before an amendment to the pleadings will be allowed on appeal, the party seeking such amendment must show that the amendment is necessary, that no prejudice will result to the adverse party, and that the issues sought to be raised are supported by the facts in the record on appeal. Plaintiff seeks to amend his complaint by adding a paragraph 4a, stating: "That notice of said accident was delivered to said defendant and defendant denied liability under the terms of the aforesaid policy of insurance." In the instant case, such amendment is necessary to conform the pleadings to the proof at trial and to provide a basis in the allegations for the duty to defend theory relied upon by the trial court. The insurer claims prejudice in that it was unable to present evidence on that theory. However, as noted, given their admissions concerning notice and refusal of coverage, no evidence it could present would help it on this issue. We find no prejudice to the defendant in allowance of the amendment on appeal. Finally, the issue of the breach of the duty to defend, which is implicit in the amendment, is supported in the evidence, as has been established. For these reasons, the motion to amend is hereby granted. Further, on the complaint, as amended, the decision of the Circuit Court of Knox County is affirmed.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.